ARGUMENTS

**PETITIONER'S INDICTMENT, CONVICTION & SENTENCE IN "ALL" COUNTS MUST BE DISMISSED WITH PREJUDICE BECAUSE THEY ARE UNLAWFUL, UNCONSTITUTIONAL, UNETHICAL & ALSO GENERATES A "FUNDAMENTAL MISCARRIAGE OF JUSTICE" & VIOLATES PETITIONER'S DUE PROCESS & EQUAL PROTECTION OF THE LAW**

**Facts:**

**The Comprehensive Crime Control Act of 1983**

[In three parts, S.829, S.1762, H.R. 3963] Became the Comprehensive Crime Control Act of 1984 [Pub.L. 98-473; 98 Stat. 1837, pages: 3182 thru 3717 Legislative History].

The Comprehensive Crime Control Act of 1984 [C.C.C.A., Pub.L. 98-473, 98 Stat. pgs: 1837 thru 3182] began as an outgrowth of President Reagan's Bill S.829 which was given to both Houses after he'd **VETOED** their bills [S.1762, Jan. 17th, 1983] and [H.R. 3963, Jan. 14th, 1983].

President Reagan's [S.829 bill] was a 42 point proposal meant to be used as a guide to a Crime Control Act Bill.

[See: Hearings. 129 Congress, Rec. p.p. S.11713, daily ed.]

Following President Reagan's **Veto of [H.R. 3963 & S.1762]** which contained the Sentencing Reform Act of 1984 [U.S.S.G.] C.C.C.A. [98 Stat.1987], the Ninety-Eighth Congress violated the passage clause of the United States Constitution in their failure to acquire the two-thirds vote majority necessary for re-passage. Specifically, **Ninety-Eighth Congress,** in the Legislative passage of the Sentencing Reform Act of 1984, violated the Constitutional mandates of: **Article 1, Section 7, U.S. Constitution,** which provides that:

> "Every bill which shall have passed the House of Representatives and the Senate, shall, before it becomes law, be presented to the President of the United States; If he approves he shall sign it, but if not he shall return it, with his objections to that House in which it shall have originated, who shall enter the objections at large on their Journal, & proceed to reconsider it.

> If after such reconsideration two thirds of that House shall agree to pass the bill, it shall be sent together with the objections, to the other House, by which it shall likewise be reconsidered, and if reapproved by two thirds of that House, it shall become a law.
>
> But in all such cases the votes of both Houses shall be determined by **yeas & nays,** and the names of the persons voting for and against the Bill shall be entered on the Journal of each House respectfully..."

After **President Reagan's Veto** and return of S.829, S.1762 and H.R. 3963, to the House of Representatives, neither House Nor Senate **Ninety-Eighth Congress:** **DID NOT:**

(a) **Did Not:** entered the President's objections at large on their Journal;

(b) **Did Not:** "proceed to reconsider" the Bill;

(c) **Did Not:** obtain the two thirds vote agreement to pass the Bill;

(d) **Did Not:** determine repassage of the Bill by votes of **yeas & nays,** nor name the persons voting for and against the Bill, and;

(e) **Did Not:** enter the **yeas & nays** of such persons upon their respective Journal(s).

Rather, the Ninety-Eighth Congress at the Second Session attached President Reagan's 42 point proposal to a **"continuing appropriation bill"** **[Pub.L. 98-473], [H.J. Res. 648]** [Joint resolution making continuing appropriations for fiscal year **1985**], and, through **"piggy-back"** Legislation forced President Reagan to sign the vetoed legislation in order to obtain continuing appropriation for fiscal year **1985**].

Ninety-Eighth Congress knew, or should have known that Congress **CANNOT** use appropriations acts to create **"Substantive measures of laws"** which directly, or indirectly effects the rights of the citizens. Petitioner, supra. **C.F. T.V.A. v. Hill, 57 L.Ed.2d 117 (1978).**

The Ninety-Eighth Congress **did** **not** have the legal authority to pass: **[Pub.L. 98-473] & [H.J. Res.648]** in that Congress **did not** complete the first concurrent budget for the first concurent resolution before **May 15th, as required by: Title 31, Section 631-32,** because President Reagan signed: **[H.J. Res.648] into law October 12th, 1984.** Thus, the passage thereof violated: **Article 1, Section 9, CL.7; Article 1, Section 9, CL.3; 31 U.S.C. Sections 631-32; Title 1, Section 101-105; the 4th and 5th Amendment U.S.C.A. 4.5.; 31 U.S.C. Section 1341 et. seq.; & the Ex Post--Facto Clause.**

While it is true--that Ninety-Eighth Congress may amend or repeal substantive law through an Appropriation Act for a **Particular Year,** it may **NOT DO SO PERMANETLY** except for those prescribed in: **31 U.S.C. §1301 (c).**

Congress knew, or should have known that the enactment of Sentencing Reform Act, even if legal, **has [or had]** a life span of one year and that its enforcement and application thereafter **is (and was)** Unconstitutional. Making: Petitioner's Conviction & Sentencing, clearly & genuinely unconstitutional & a "Fundamental Miscarriage of Justice" & in violations of Petitioner's Due Process & Equal Protections of the Law, just to name a few.

Prior to the...enactment of the Sentencing Reform Act of 1984, Petitioner, would be eligible for release from prison via: parole after serving **on-third** of an imposed sentence and would have had a mandatory release date after service of two-thirds of his sentence. As a result of the illegal passages of the Sentencing Reform Act of 1984. Petitioner, is now required to serve **87%** of all his sentences & can earn only **54 days per year good time**

reduction and are subject to fines, penalties, assessments and forefeitures,plus long term supervised release which also constitutes an additional sentence for the same course of conduct & common scheme & common goal of petitioner's indictment, conviction & sentence, upon completion of his sentences, that **could not** have been imposed absent the invalid legislative practice and policy of the: **Ninety-Eighth Congress.**

The Ninety-Eighth Congress knew, or should have known that the procedure implemented in the passage of the Sentencing Reform Act of **1984** violated the mandates of: **Article 1, Section 7, United States Constitution.** The Ninety-Eighth Congress knew, or should have known that passage of the Sentencing Reform Act of **1984,** which created Substantive measures and law **[Statutes]** criminal in nature, through an Appropriation Act, **was improper** and outside **"The Sphere of Constitutional Authority"** which amounted to a **"Bill of Attainer"** imposed upon the Petitioner, in violations of: **Article 1, Section 9, Clause 3, U.S. Constitution.**

**The United States of America** has imposed prison Sentences, fines assesments, upon Petitioner, based upon the authority of the invalid Legislative enactment of the **Sentencing Reform Act of 1984.** The above activity also violates Petitioner's **Article 1, Section 7, to the Constitution of the United States,** and in doing so **have, and are,** depriving-Petitioner's Life, Liberty, & Property without Due Process of Law contrary to the guaranteed safeguard of the Fifth & Sixth Amendment(s) of the United States Constitution.

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF THE COMPREHENSIVE CRIME CONTROL ACT OF 1984 IS "INVALID LEGISLATION" AND IS "PER SE" UNCONSTITUTIONAL AND IS A "FUNDAMENTAL MISCARRIAGE OF JUSTICE AGAINST PETITIONER"**

The Comprehensive Crime Control Act of 1984 (CCCA--Pub.L. 98 Stat. 1837; Legislative History P.L. 98-473,page 3182 thru-3717), began as an outgrowth of the bill passed, in the House of Representatives H.R. 3963 It was Vetoed by President Reagan, January 14, 1983.

The Senate's version of their crime bill, **S.1762** was vetoed, by President Reagan, January 17, 1983. This cleared the way for the proposal of Reagan's 42 point crime proposal, meant to be a guide to the Congress in the fight for order in an unlawful society. The **42-point** proposal detailed **16 major title's,** beginning with "Bail and ending with such things as International Drug Operations." This was meant only as a guide to the Congress, in the committee's report's on a crime bill, aimed for passage!

The Congress was intent on proposing a bill, that would not only pass both Houses, but would pass the approval of the **President of the United States of America: (Reagan).** For a record of the hearings of this please see: **S.2572; The Comprehensive Crime Control Act of 1983,** hearings before the subcommittee on Criminal Law of the Committee on the judiciary, United States Senate, **98th Congress, 1st Session (1983).** See: **S.829** and the record of the Congress in the **129-Congress Rec.---pp. S11679-S11713 (Dailey Ed.),** presentation by: **President Reagan, was March 16, 1983!** According to the record, this crime bill was supposed to be proposal & guide, only! While this was going-on the Committees worked on various controversal pending issues, through separate legislation such as: **S.1762; S.1764; S.1765; & S.1787 August 4, 1983, see: S.523 Judiciary.** This temporary bill had **100 days of life!**

**ONE: 100-DAYS PASSED WITHOUT ENACTMENT!**

**Argument:** The Rider Amendment called CCCA of 1984 unconstitutionally enacted into law & by virtue thereof, **IS INVALID! ON:** October 12, 1984, with the signing of the continuing resolution appropriations) **Pub.L. 98-473 by President Reagan,** Congress was allowed to continue its work. Appropriations are nothing new, and passage of the **CCCA of 1984** normally would not pose any problems for Congress. In the instant case, it posed a violation of the United States Constitution i.e., passage of the amendment to **Pub.L. 98-473; 98 Stat. at 1976 (CCCA) is bad legislation, expired, and Void!**

**(a)** The Sentencing Reform Act (CCCA) **98 Stat.1987;** Sentencing Commission **98 Stat. 2017 et seq., are INVALID ON ITS FACE!**

**Ex Post Facto Clause Violations:**

**ARTICLE I, SECTION 9, CLAUSE 3:**
**"NO BILL OF ATTAINER OR EX POST FACTO LAW SHALL BE PASSED."**

At the time of the Petitioner's indictment--& sentencing, the laws **(United States Sentencing Guidelines, etc) WERE NOT VALID, AS LAW! The CCCA invalidates itself, in its own language:**

**"TITLE II"**
**"THIS TITLE MAY BE CITED AS THE COMPREHENSIVE CRIME CONTROL ACT OF 1984"**
**SEC. 201. SECTION 102 OF THIS JOINT RESOLUTION**
**(H.J. RES.648) SHALL NOT APPLY WITH RESPECT TO:**
**THE PROVISIONS ENACTED BY THIS TITLE**

See: **Pub,L. 98-473; 98 Stat. 1976.** This appropriations rider invalidated it self;knowing it only had **100 days of life!**

**Section 102 reads:** Unless otherwise provided for in this joint resolution or in the applicable Appropriation Act, appropriations and funds made available and authority granted pursuant to this joint resolution shall be available from: **October 1, 1984,** and shall remain available until:

**(a)** enactment into law of an appropriation for project or activity provided for in this joint resolution, of

**(b)** enactment of the applicable appropriation act by both Houses without any provision for such project or activity, or

**(c)** **September 30, 1985,** which-ever first occurs." **Pub.L. 98-473; 98 Stat. 1964**

**(B)** Even though the **rider** was expired when enacted,it again invalidated itself by exempting itself from the life giving force (point of order) of **Section 102!** Not only did this violate the **Ex Post Facto Clause,** but numerous other Constitutional Clauses and Amendments: **1st, 4th, 5th, 6th, 8th, 10th, 14th Amendment(s) of the United States Constitution.** The **U.S. Sentencing Commission (U.S.S.G. etc) at 98 Stat. 2017** took effect on: November 1, 1986 **(see: 98 Stat. 2031),** ut was amended **(Pub.L. 99-217--Sentencing Reform Act of 1985 (H.R.-3837)).**

Petitioner, contends, it had already **expired 100-days after it <u>WAS NOT ENACTED INTO LAW:</u> and exempted from Section 102!**

The taking effect date of **November 1, 1987 (amended)** was not proper point of order,or valid legislation. See: House and Senate Rules (Paraliamentry Law)l Congressional Budget and Impoundment Control Act of 1974 **(Pub.L. 93-244-88 Stat.297); Public Dept Limit Increase:** Deficit Reduction Procedures; Budget Process Reform L.L. 100-119; **Stat. 7541 Title I & II of the United States Code; & the Fifth Amendment to the United States Constitution.**

**(C)** Signed bill must be placed into the Public Archives! Petitioner, also contends, that the **CCCA** was not properly placed into the **Public Archives. Title I, Section 106a.**

**TWO: APPROPRIATIONS DRAWN ARE IN VIOLATION OF: ARTICLE I, SECTION 9, CLAUSE 7!**

**Argument:** **Article I, Section 9, Clause 7** says:

> "No money shall be drawn from the treasury, but on Consequence of Appropriations made by Law; and a regular Statement & Account of the Receipts & Expenditures of all public money shall be published from time to time."

**(a)** Suspect appropriations by Congress (expired bill) is a violation of the Federal Advisory Committee Act of **P.L. 92-463; 86 STAT. 770 [H.R.4383], Oct. 6, 1972.** Such passage also violates FACA (Supra), i.e., President Lyndon B. Johnson issued an **Executive Order: No. 11396 (Feb. 7, 1968) 33 F.R. 2689 that barred the appointment of a Sentencing Commission. See:Title 19 U.S.C. Chapter 1 notes!**

See also quote from the Committee at page 3709 of **P.L. 98-473 (1984).** It in turn, violates the **Delegation Doctrine Article I, Section I---case law: Field v. Clark, 143 U.S. 646, 692, 36 L.Ed. 294, 12 S.Ct.495 (1892)!**

**(b)** Congress may amend or repeal substantive law, through an appropriation act, for a particular year; **but not permanently!** See: **NLRB v. Thompson Products, 141 F.2d 794 (9th Cir.1944);** and: **TVA v. Hill, 57 L.Ed.2d 117 (1978).** The Sentencing Reform Act of 1984 (U.S.S.G. & Sentencing Commission) **created new and permanent laws** through appropriations acts. **This is Unconstitutional, and contrary to case law.** See: **U.S. v. Powell, 761 F.2d 1227 (8th Cir.1985);** and **Stare Decisis** in: **TVA v. Hill, supra.**

**(c)** The intent of Congress was to create new substantive law, through appropriations acts!

> ...**The Ex Post--Facto prohibition** forbids the Congress and the states to enact any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." **Cumings v. Missouri, 4 Wall 277, 325-326, 18 L.Ed. 356 (1867).** (quoting: **Weaver v.Graham, 67 L.Ed.2d 17, Id., at 22.)**

An act of Congress is **INVALID**, unless it is affirmatively authorized under the U.S. Constitution. **Hoppock v. Twin Falls School Dist.- No. 411, 772 F.Supp. 1160 (D.Idaho 1991);** and also see: **United States v. Leslie, 598 F.Supp. 254 (DC Vt.1984).** And passage (re) after veto is violation of: **Article I, Section 7, Clause 2.**

**(i)** Retrospective and retro-active application of expired bill is unconstitutional **(and violation of due process).** See: **Wuchter v. Pizzuti, 276 U.S. 13, 24, 48 S.Ct. 259, 262, 72 L.Ed. 446 (1928).**

**(ii)** Extrastatutory measures to validate and **invalid bill (S.1762)** is a violation of Petitioner's Due Process. See: **Schroeder v. City of New York, 9 L.Ed.2d 255 (1962);** notification by Congress that substantive laws would be changed (amendments to the Constitution). Also violated see: **Walker v. Hutchinson, 1 L.Ed.2d 178 (1956);** and such does not cure or make constitutional (same), see: **Sterling v. Environmental Control Bd. of City of New York, 793 F.2d 52, cert. denied, 107 S.Ct. 579, 479 U.S. 987, 93 L.Ed.2d 582 (1986).** For--it is a violation of Due Process, See: **City of New York v. New York, 97 L.Ed. 333 (1953).** The Constitutional process for amending the Constitution calls for ratification, which **is not nor was--not** present when the **CCCA** was enacted (or invalidly enacted)!

**THREE: APPROPRIATIONS COVER PARTICULAR OBJECT: OTHERWISE THEY ARE UNLAWFUL!**

**Argument:** "**(a)** Appropriations shall be applied only to the objects for which the appropriations were made except as other-wise provided by law." **Title 31, Sec. 1301(a).**

See also: Green County Planning Bd. v. F.P.C., 559 F.2d 1227 (2nd Cir.1977).

(a) "Appropriation in a regular, annual appropriation law may be construed to be permanent or available continuously where the appropriation is for rivers and harbours, lighthouses, public buildings, or the pay of the Navy or Marino Corps, or where the.....appropriation expressly provides that it is available after the fiscal year covered by the law in which it appears. **"Title 31 U.S.C. Section 1301 (c); See: Norcross v. United States, 142 Ct- Cl. 763."**

Such never occurred, in **P.L. 98-473, et seq. (CCCA)!** See: **Pub. L. 97-258, Sept. 13, 1982, 96 Stat. 917 for history.**

**(b)** There are limitations, exceptions, and penalties on appropriations. See: **Title 31 U.S.C. §1341.**

**(c)** The Sentencing Commission **(U.S.S.G. etc)** as agency of the United States Government violated Constitution and: **31 U.S.C. Section 1347.** The Commission had not existed for one year when it used funds, misappropriated!

**FOUR: APPROPRIATIONS CANNOT CHANGE SUBSTANTIVE LAWS!**

**Argument:** Besides the incorrect application of case law and the constitution. **United States v. Powell, 761 F.2d 1227 (8th Cir.1985).**

The U.S. Supreme Court states:

"...it would be more accurate to say that the policy applies with even greater force when the claimed rests soley on an... Appropriations Act. We recognized that both Substantive enactments and appropriations measures are "acts of Congress," but the latter have the limited and specific purpose of providing funds for authorized programs. When voting on appropriations measures, legislators are entitled to operate under the assumption that the funds will be devoted to purposes which are lawful and not any purpose forbidden.

Without such an assurance, every appropriations measures would be pregnant with prospects of altering substantive legislation, repealing by implication any prior statute which might prohibit the expenditure.

Not only would this lead to the absurd result of requiring members to review exhaustively the background of every authorization before voting on an appropriation, but it would flout the very rules that Congress carefully adopted to avoid this need. **House Rule XXI(2),** for instance, specifically provides:

"No appropriation shall be reported in any general appropriation bill, or be in order as an amendment thereto, for any expenditure not previously authorized by law, unless in continuation of appropriations for such public works as are already in progress. Nor shall any provision in any such bill or amendment thereto changing existing law be in Order." (Emphasis Added.)

See Also **Standing Rules of the Senate, Rule 16.4**

Thus, to sustain **Party's** position, we would be obliged to assume that Congress meant to repeal **Pro-Tanto...the Act by means of procured expressly prohibited under the rules of Congress.**

**[10]** Perhaps mindful of the fact that it is "Swimming upstream:" against a strong current of well-established precedent, **TVA, supra,** argues for an exception to the rules against implied repealers--------in a circumstances where **Appropriations Committee have expressly stated their "understanding"** that the earlier legislation would not prohibit the proposed expenditure. We cannot accept such a proposition. Expressions of committees dealings with requests for appropriations cannot be equated with statutes enacted by Congress. particularly not in the circumstances presented...First, the Appropriations Committees had no jurisdiction over the subject...much less did they conduct the type of extensive hearings which preceded passage...." **Id., at 144 of TVA v. Hill, 57 L.Ed.2d 117 (1978).**

**(a)** Besides being hasty and illegal, passage through amendment in appropriations act is contrary to the U.S. Constitution!

See: **U.S. v. Munoz-Flores, 109 L.Ed.2d 384 (1990):**

...The President, after all. is bound not to sign an improperly originated revenue bill by the same oath that binds us not to apply it..." **Id. at 406 (Munoz-Flores), supra.**

**(b)** Unlike in **U.S. v. Powell, 761 F.2d 1227 (8th Cir.1985),** it is the jurisdiction of the Court to, even, preside over violations of **Title I, Section 105 (enactment clause).** See:

Kennedy v Sampson, 361 F.Supp. 1075 (D.C.1973), aff'd 511 F.2d 430, 167 U.S. App. D.C. 192 (promulgation of laws §106a); also see: United States v. Will, 66 L.Ed.2d 392 (1980).

**FIVE: APPROPRIATIONS ACTS COVER FUNDS, EXPENDITURES, AND OUTLAYS!**

Argument: **(a)** If every time Congress was **vetoed** they only had to attach an amendment to an approriations act, for repassage; the express purpose and intent of the Constitution (and Amendments) would be flouted and violated! **There would be no Constitution!**

"...As a--general rule of thumb, appropriations acts are in force during the fiscal year of the appropriations and do not work a permanent change in the substantive law. Where, however, Congress affirmatively intends to change the substantive law by suspending or repealing a statute previously enforced, it can do so by an amendment to an appropriations bill. See: **United States v. Will, 449 U.S. 200, 221-222, 101 S.Ct. 471, 483-484, 66 L.Ed.2d 392 (1980); United States v. Dickerson, 310 U.S. 554, 555-556, 60 S.Ct. 1034, 1035-1036, 84 L.Ed. 1356 (1940).**

The question is one of legislative intent....." (quoting: **Seattle Audubon Society v. Evans, 952 F.2d 297 (9th Cir.1991).**

**(b)** Appropriations are for one year at a time, and do not permanently change substantive law; even for the sake of argument **Section 102 (P.L. 98-473)** did apply to provisions within **CCCA** (Legislation states otherwise) the bill would have expired again-**September 30, 1985. Amended law (P.L. 99-217 effective date)** could not save it. Nor does appropriations--bills create new laws. Or the Constitution would be repealed! **Article I, Section 1.**

**Section 1:** **All Legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.**

**Section 2:** The House of Representatives shall be composed of members chosen every Second Year by the People of the several States, and the Electors in each State Shall have the Qualifications requisite for Electors of the most numerous Branch of the State Legislature.

<u>**Section 7:**</u> All Bills for raising Revenue shall originate in the House of Representatives; but the Senate may propose or concur with Amendments as on other Bills.

Every Bill which have passed the **House of--Representatives and the Senate,** shall, before it becomes a Law, be presented to the President of the United States; If he approves he shall sign it, but if not he shall return it, with his objections to that House in which it shall have originated, who shall enter the Objections at large on their Journal, and proceed to reconsider it. If after such Reconsideration <u>**Two Thirds**</u> of that House shall agree to pass the Bill, it shall be sent, together with the objections, to the other House, by which it shall likewise be reconsidered, and if approved--by <u>**Two Thirds**</u> of that House, it shall become a Law. But in all such Cases the Vetoes of both Houses shall be determined by **Yeas--and Nays,...**shall be entered on the Journal of each House--respectfully.

**Every Order, Resolution, or Vote to which the concurrence of the Senate and House of Representatives may be necessary (except on a question of Adjournment) shall be presented to the President of the United States; and before the same take effect, shall be approved by him, of being disapproved by him, shall be repassed by two thirds of the Senate and House of Representatives, according to the Rules and Limitations--prescribed in the Case of a Bill.**

(c) Appropriations (resolutions-supra) **P.L. 98-473** violated: **Article I, Section 7,** After **H.R. 3963 & S.1762** were pocket Vetoed:**(President Reagan, Jan. 14, & 17, 1983 respectively)** it was the duty of the Congress to vote for repassage---with the necessary numbers **(two-thirds);** <u>**Art. I, Section 7, Clause 3:**</u>

APPROVAL OR VETO OF--ORDERS, RESOLUTIONS, OR VOTES: REPASSAGE OVER VETO

(i) **Improper Legislation and Abuse of Legislative Powers!**

> "Although Congress can express its opinion through resolution which are not the subject to **presidential veto,** such **"opinion"** resolutions have no substantive effect. **Consumer Energy Council of America v. Federal Energy Regulatory Commission, 1982, 673 F.2d 425, 218 U.S. App. D.C. 34, affirmed 103 S.Ct. 3556, 463 U.S. 1216, 77 L.Ed.2d 1402, 1403, 1413, rehearing denied 104 S.Ct. 40, 463 U.S. 1250, 77 L.Ed.2d 1457."**

(ii) **The Comprehensive Crime Control Act of 1984,** which has already been expired, since **1983,** was passed and sought to circumvent the Constitution. **Article I, Section 7, Clause 3, supra,**

(iii) In essence, **Section 201 of P.L. 98-473 (CCCA)** which exempted the **CCCA** from the provisions of **Section 102** therein, was in essence a **Veto** of the joint resolution; and against case law in: **I.N.S. v. Chadha, 1983, 103 S.Ct. 2764, 462 U.S. 919, 77 L.Ed.2d 317.**

(iv) . Clause contained in...**Appropriation Act** ...was a legislative veto which was violative of the U.S. Constitution and void; furthermore the clause, which could also be taken as granted the committee the power to lift a--Congressionally imposed restriction on use of appropriated funds, was violative of Constitution as grant of legislative power to two congressional committees. **American Federation of Government Employees, AFL-CIO v. Pierce, 1982, 697 F.2d 303, 225 U.S. App. D.C. 61.**

(v) **The Comprehensive Crime Control Act** (with Sentencing Reform Act, Sentencing Commission, Sentencing Guidelines, Probation, Bail, Career Criminal, Violent Felony's PSI/PSR Reports ect) **IS NOT** SEVERABLE from the rest of the Resolution! See: **Buckley v. Valeo, 424 U.S. 1, 108, 96 S.Ct.612, 677, 46 L.Ed.2d 659 (1976).**

The CCCA of 1984 would not be fully operable as a law, if the infra are severed! A provision resulting from legislative inadvertence of mistake should not be given effect.
United States v. Badcock, 530 F.2d 1051, 1053 (D.C. Cir.1976): 2A-Sutherland, Statutes and Statutory Construction §46.06-(C.Sands rev. 4th ed. 1984). The Sentencing Reform Act, Sentencing Guidelines (U.S. Commission), Career Criminal, Violent Offender's 18 U.S.C. §922, 924 enhancements, 18 U.S.C. §2112 et seq, & 21 U.S.C.§846 * 21 U.S.C. §841, & 18 U.S.C. §851, and numerous other's (including Controlled Substance Penalties Amendments Act of 1983) **ARE NOT FULLY OPERABLE AS LAW: THEREFORE, INVALID!**

**CONCLUSION**

For preservation of the Constitution and laws of the United States, the indictment/information or complaint's filed in compliance with the United States Sentencing Guidelines, based on the **Comprehensive Crime Control Act of 1983/1984 (P.L. 98-473--H.J. Res. 648 & S.1762), MUST BE DISMISSED AS VOID AND INVALID (UNCONSTITUTIONAL)! THAT SUCH DISMISSAL BE DONE ON PETITIONER, BE SET FREE WITHOUT DELAY! IN THE INTEREST OF JUSTICE AND PRESERVATION OF THE UNITED STATES LAWS, & CONSTITUTION, SUCH IS WARRANTED!**

See: Aversa v. United States, 99 F.3d 1200 (1st Cir.1996); Lillard v. Shelby County BD of Educ., 76 F.3d 716 (6th Cir.1996); Rochin v. California, 342 U.S. 165, 96 L.Ed. 183, 72 S.Ct. 205 (1952); Substantive Due Process refers to certain actions that the government **may not** engage in no matter how many procedural safeguards it employs. Fifth Amendment: Government conduct that **"Shocks The Conscience"** violates the Fifth Amendment of the U.S. Constitution's guarantee against deprivations of: Life, Liberty, or Property, without Due Process of Law."

Petitioner, enjoys his basis due process rights against gross physical abuse. See: Amanullah v. Nelson, 811 F.2d 1, 9 (1st Cir.1987); Lynch v. Cannatella, 810 F.2d 1363, 1374 (5th Cir.1987);

**Montesquier De L' Espirit Des Lois, 1748:**

"There is no more tyranny than which is exercised under the cover of the law, and with the colors of Justice. **United States v. Jannotties, 673 F.2d 578, 614 (3rd Cir.1982).**

**Sec. & Law Enforcement v. Carey, 737 F.2d 187, 192 (2nd Cir.1984);**

Decimus Junius Juvenal, originally stated: "Sed Quis Custodient Ipsos Custodes?" (But who is to guard the guards themselves?).

"Experience hath shown that even under the best forms of--government those entrusted with power have, in time & by slow operation, perverted it into--tyranny."

"A society that will trade alittle liberty for a little order will deserve neither & lose both."
**Thomas Jefferson.**

**United States v. U.S. District Court For The Central District of California, 858 F.2d 534 (9th Cir.1988);**

"If the government, police &--prosecutors, could always be trusted to do the right thing, there would have never been a need for the **"Bill of Rights."**

**Ninth Circuit Justice: Levanthal & his interpretation on strict criminal liability.**

**Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401 (1958);**

"No Legislator or Executor or Judicial officer can war against the United States Constitution without violating his or her persons or corporations understakings to support it."

**PETITIONER'S MOTION TO DISMISS INDICTMENT FOR FAILURE TO CHARGE A FEDERAL OFFENSE AND LACK OF JURISDICTION IN THAT THE INDICTMENT IS VAGUE AND INSUFFICIENT IN VIOLATIONS OF: BLAKELY V. WASHINGTON, 159 L.Ed.2d 403, 124 S.Ct. 2531 June 24, 2004; & APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000); & STIRONE V UNITED STATES, 361 U.S. 212, 217, 80 S.Ct. 270, ___,4 L.Ed.2d 252 (1960) AND IN THE INTEREST OF TRUTH & JUSTICE & THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION--& DUE PROCESS**

Petitioner, Pro Per In Propria Persona Proceeding Sui Juris, moves this Honorable Court for an Order dismissing and/or quashing the indictment as it relates to Petitioner and Petitioner states as follows:

(1) Indictment fails to allege facts which constitutes a criminal offense.

(2) Indictment fails to allege facts which constitutes a criminal offense against the United States--of America.

(3) Indictment fails to allege facts which constitute a criminal offense over which the District Court has jurisdiction.

(4) Indictment purports to allege certain facts, but fails to state facts which support or--constitutes a Federal Offense or where the District Court has Jurisdiction.

(5) Indictment is vague and uncertain and fails to be or contain a plain, concise and definite written statement of essential facts constituting the offense or offenses sought to be charged.

(6) Indictment states conclusions rather than facts.

(7) Indictment does not adequately and fairly inform the defendant/ petitioner, of the offense or offenses sought to be charged against him.

(8) Petitioner, moves this United States Judicial--Branch of Government: U.S. District Court to dismiss Petitioner's indictment in that the said United States District Court lacks jurisdiction because of the offenses charged is no way a---Federal Offense and no Federal law was violated, (Lack of Jurisdiction).

(9) Petitioner, moves this United States Court that represents the Judicial Branch of the U.S. Government,to dismiss Petitioner's indictment for the reasons that the indictment fails to allege facts sufficient to complete an offense against the laws of the United States; (Failure to charge a Federal Offense).