**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S: MOTION TO DISMISS INDICTMENT FOR FAILURE TO CHARGE--FEDERAL OFFENSE AND LACK OF JURISDICTION IN THAT THE PETITIONER'S INDICTMENT IS VAGUE AND INSUFFICIENT IN VIOLATIONS OF: BLAKELY V. WASHINGTON, 159 L.Ed.2d 403, 124 S.Ct. 2531 JUNE 24, 2004; & IN-VIOLATIONS OF: APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000); & STIRONE V. UNITED STATES, 361 U.S. 212, 217, 80 S.Ct. 270, __, 4 L.Ed.2d 252 (1960) & IN VIOLATIONS OF THE SIXTH--AMENDMENT OF THE UNITED STATES CONSTITUTION & PETITIONER'S--DUE PROCESS**

Petitioner, Pro Per In Propria Persona Proceeding Sui Juris, moves this United States District Court, representing the Judicial Branch of the United States Government, for an Order Dismissing Petitioner's Indictment, upon the ground that on its face the facts are so vague and uncertain that it fails to inform the accused: Petitioner, of the nature and cause of the accusations against him and denies him the right to know if a Federal Offense is charged and the Jurisdictiona of the United States District Court, if any, it denies Petitioner, the privilege of exercising this right to have compulsory process so that Petitioner can obtain & or obtaining witnesses in his favor & factor in that Petitioner is unable to ascertan the identity of necessary witnesses for whom process should issue; it denies assistance of counsel for Petitioner's defense in that counsel is unable to determine the nature of the acts or transactions alleged with sufficient certainty to research the applicable law, cross-examine witnesses offered by the preponderance or to otherwise prepare & try the case, all in violations of Petitioner's **Sixth Amendment of the United States Constitution & Petitioner's Due Process, 1st, 5th, 6th, 8th, 14th, Amendment(s) of the United STates Constitution.** The above is also a structual defect that is clearly jurisdictional since the U.S. District Court had no Jurisdiction to even try Petitioner, because it lacks jurisdiction.

(36)

PETITIONER'S ENHANCEMENTS IN WHICH THE INDICTMENT DID NOT REFLECT & WHICH THE TRIAL JURY ALSO DID NOT FIND, BEYOND A REASONABLE DOUBT, UNANIMOUSLY IS IN VIOLATIONS OF PETITIONER'S DUE PROCESS, 1st, 5th, 6th, 8th, & 14th, AMENDMENT(s) TO THE UNITED STATES CONSTITUTION & ALSO IN VIOLATIONS OF: APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000); & UNITED STATES V. R.L.C., 503 U.S. 291 (1992); & BLAKELY V. WASHINGTON, 159 L.Ed.2d 403, 124 S.Ct. 2531 (June 24, 2004); STIRONE V. UNITED STATES, 361 U.S. 212, 217, 80 S.Ct. 270, __, 4 L.Ed.2d 252 (1960) & ALSO IN VIOLATIONS OF DEFENDANTS EQUAL PROTECTION OF THE LAW

The District Court Judge, was without jurisdiction to sentence Petitioner, by the preponderance of the evidence without a Jury Trial determination, in violations of: **Apprendi, Blakely, Stirone, R.L.C.,** & 1st, 5th, 6th, 8th, & 14th, Amendment(s) of the U.S. Constitution, & Petitioners Due Process. The reasonable Doubt Standard is a "Bedrock Procedural Element Essential to Fairness." Sullivan v. Louisiana, 508 U.S.275, 113 S.Ct. 2068, 124 L.Ed.2d 182 (1993). See also: In Re Winship, 397 U.S. 358, 363, 90 S.Ct. 1068, __ 25 L.Ed.2d 368 (1970). The pleading requirement, which held "the indictment must contain--an allegation of every fact which is legally essential to the punishment to be inflicted."

Was also violated in Petitioner, supra. See also: United States v. Reese, 92 U.S. 214, 232-33 23 L.Ed. 565 (1875).

This case requires us to apply the rule we expressed in: **Apprendi, Blakely, etc, supra.** This rule reflects two long-standing tenets of common-law criminal jurisprudence: that the "truth of **every** accusation" against a defendant "should afterwards be confirmed by the unanimous suffrage of twelve of his equal neighbours," 4 W. Blackstone, **Commentaries on the Laws of England** 343 (1769), and that "an accusation which lacks any particular fact which the law makes essential to the punishment is..no accusation within the requirements of the Common Law, and it is no accusation in reason," 1 J. Bishop, Criminal Procedure §87, p. 55 (2d ed. 1872).

(37)

Petitioner's Indictment missing an **"Essential Element"** is a legal nullity & any conviction based thereon must automatically be vacated, such as this------case at bar. "Calling a particular kind of fact an **'Element'** carries certain legal consequences." <u>Richardson v. United States</u>, 119 S.Ct. 1707, 1710 (1999). One such consequence is that the defendant: Petitioner, supra Jury must pass upon and include every element in his indictment.

Which they failed to do. <u>United States v. Castillo</u>, **120 S.Ct. 2090.** The failure to--include an **"Essential Element"** in the indictment is a fundamental, jurisdictional defect that renders any conviction on a defective undictment a nullity. Unless--done knowingly and intentionally & intelligently, a defendant cannot **"Waive"** his right to an indictment by a grand jury. Accordingly, a grand jury's failure to return a proper indictment is a--jurisdictional defect that is not waived, even by a guilty plea. See: <u>United States v. Bell</u>, 22 F.3d 274, 275 (11th Cir.1994); <u>United States v. Meacham</u>, 626 F.2d 503, 509-510 (5th Cir.1980). Because jurisdictional defects are not waivable and cannot be procedurally defaulted, Petitioner, need not show cause & prejudice to justify his failure to raise such a claim. Consequently, Plain Error Review is precluded to the extent that it requires a stringent **"Prejudice"** analysis. See: <u>United States v. Olano</u>, 507 U.S. 725, 734, 113 S.Ct. 1770,_____, 123 L.Ed.2d 508 (1993). <u>**"Plain-Error"**</u> analysis never applies to jurisdictional errors. Not only does **F.R.Cr.P. 12(b)(2)** provide that defects in the indictment which go to lack of jurisdiction or failure to charge an offense. **"Shall be noticed by the Court at any time during the pendency of the proceedings,"** but even when the defendant has failed to bring jurisdictional error to the attention of the Court, Court's have held

(38)

that a reviewing Court has--an affirmative obligation to correct such jurisdictional error on Habeas review. <u>Harris v. United States</u>, **149 F.3d 1304, 1308 (11th Cir.1998)**. The United States Supreme Court held: "The Due Process Clause of the Fifth Amendment and the Notice and Jury Trial Guarantees of the Sixth Amendment requires **any fact that increases--the penalty of a crime beyond the prescribed statutory maximum must be submitted--to a--Jury and Proved Beyond A Reasonable Doubt Unanimously.** This reasoning requires that **"ANY FACT"** be properly pled beyond a reasonable doubt. This includes prior convictions via: **Blakely, supra**. This--reasoning requires that also **"ANY FACT"** be properly pled in the indictment. See: <u>Apprendi v New Jersey</u>, **530 U.S. 466, 120 S.Ct. 2348,2348, 2362-63, 147 L.Ed.2d 435 (2000)**; (Quoting: <u>Jones v. U.S.</u>, **526 U.S. 227, 243, 252-53 (Steven, J.). Blakely v. Washington, 542 U.S.         , June 24, 2004.** The reasoning of: **Apprendi & Blakely, supra,** is genuinely applicable in the case, is pertinent in two respects.

   **First ,** The Court held that the Fourteenth & Sixth Amendment to the Constitution of the United States entitled a criminal defendant to a "Jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a--reasonable doubt." **Id. 120 S.Ct. at 2356.** Indeed, "[t]he **Due Process Clause** protects the accused against conviction except upon proof **Beyond A Reasonable Doubt** of every fact necessary to constitute the crime with which he is charged. The District Court clearly took away Petitioner's Due Process, 1st, 5th, 6th, & 14th, Amendment(s) & Equal Protection of the Law Rights of the United States Constitution & Jury Trial Determination. Also in violations of: **Ring v. Arizona, 536, U.S. 584, 153 L.Ed.2d 556, 122 S.Ct. [No. 01-488].** Additionally, under: **U.S.S.G.'S** without actual grand jury & or Petit Trial Jury findings

(39)

The Federal Grand Jury's omission of elements from Petitioner's indictment has always been regarded as a jurisdictional defect, reversable per se without proof of prejudice. See: Stirone v. United States, 361 U.S. 212, 217, 80 S.Ct. 270,___, 4 L.ED.2d 252 (1960); Deprivation of right to be tried only on charges returned by Petitioner's Federal Grand Jury "is far too serious to be treated as harmless error." Ex Parte Baine, 121 U.S. at 1213 (1887). Also see: United States v. Gayle, 967 F.2d 483 (11th Cir.1992) (En Banc); United States v. Fern, 155 F.3d 1318, 1324-25 (11th Cir.1998); United States v. Meacham, 626 F.2d 503, 510 (5th Cir.1980); (Objection that indictment fails to charge an offense is a non-waivable jurisdictional defect).

In Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the Supreme Court examined Title U.S.C. §2119, the Federal Car-Jacking Statute, & after examining the structure, language, & legislative history of the statute, the Court held that the fairest reading of §2119 "treats the fact of serious bodily injury as an element [of the offense], not a mere [sentencing] enhancement." The Court therefore, concluded, that facts previously construed as "Sentencing Factors" under the statute were instead elements of the offense which had to be plead in the indictment submitted to a jury, and proved by the government "Beyond a Reasonable Doubt, Unanimously By A Federal Jury "ONLY." Jones, 526 U.S. at 232, 251-52, 119 S.Ct. at 1219. Jones, derived from both the 5th & 6th Amendment(s) to the United States Constitution, and from decisional authority including: McMillian v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).

(40)

There is much debate over the effect **Blakely, supra,** will have on the Federal Sentencing Guidelines.  See: Pending United States Supreme Court Cases: **United States v. Booker, # 04-104, & United States v. FanFan, # 04-105; U.S. Supreme Court;** See: **2004 WL 1967056 (U.S.) September 1, 2004. Oral Arguments 10-4-04** .

Concerning Guidelines, the **Majority Opinion** stated the following: The principle dissent, in additiona, treats us to a lengthy disquisition on the benefits of determinate sentencing schemes, & the effect of today's decision on the Federal Sentencing Guidelines. **Post, at 2391 2395.** The Guidelines are, or course, not before the Court. We therefore express no view on the subject beyond this Court already held. See: e.g., **Edwards v. United States, 523 U.S. 511, 515, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998);** Opinion of **Breyer, J.,** for the unanimous Court; noting that: "[O]f course they are "NOW" before the Court via: **Booker, supra & FanFan, Supra & Shepard** .

Petitioner's Statutory & Constitutional claims make a different if it were possible to argue, say, that the sentence imposed exceeded the maximum that the statutes permits for Cocaine-only Conspiracy.

"That is because a maximum sentence set by Statute trumps a higher sentence set forth in the Guidelines." **United States Sentencing Guidelines Manual (§5G1.1"). 120 S.Ct. at 2366 n.21 [Emphasis Added.]**

In his concurrence, **Justice Thomas** said: It is likewise unncessary to consider whether (and, if so, how) the rule regarding elements applies to the Sentencing Guidelines given the unique status that they have under: **Mistretta v. United States, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).** Without a jury's constitutional finding of guilt "Beyond A Reasonable Doubt Unanimously" a conviction lacks both **"accuracy"** and one of the **"Bedrock Procedural Elements to Fairness."** The denial of Petitioner's jury verdict, supra

(41)

of guilt beyond a reasonable doubt is also **"Structual Error."**

In the context of harmless error doctrine, the Supreme Court has stated that a Criminal trial infected by a structural error cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no **Criminal Punishment** may be regarded as fundamentally fair. <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 113 S.Ct. 2068, 124 L.Ed2d 182 (1993); <u>In Re Winship</u>, 397 U.S. 363, 90 S.Ct. 1068,____, 25 L.Ed.2d 368 (1970). <u>Apprendi</u>, announced a new rule of Constitutional Procedural law which fits into an exception to: <u>Teague v. Lane</u>, 489 U.S. 288, 310, 109 S.Ct. 1060, ____,103 L.Ed.2d334 (1989); The Court also announced a New Rule of Constitutional **Substantive Criminal Law Analogous**, in important ways, to the rule announced in: <u>Bailey v. United States</u>, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and applied on Collaterial review in: <u>Bousley v. United States</u>, 523 U.S. 614 U.S. 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); Where the Supreme Court held in **Teague**, "Is inapplicable to Petitioner's situation in which this Court decides the meaning of a Criminal Statutes enacted by Congress." **523 U.S. at 620.**

**Justice Scalia** wrote: "As I wrote in my dissent in: <u>Almendarez-Torres v. United States</u>, 532 U.S. 224, 248, 140 L.Ed.2d 350, 118 S.Ct. 1219 (1998); And I reaffirmed by joining the opinion for the Court in: <u>Apprendi v. New Jersey</u>, 530 U.S. at 477, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000); and I believe that the Fundamental meaning of the Jury-Trial guarantee of the **6th Amendment** is that **"ALL FACT"** essential to imposition of the level of punishment that the defendant receives-whether the statute calls them elements, of the offense, sentencing factors or Mary Jane--Must be found by the Jury Beyond A Reasonable Doubt Unanimously."

(42)

See: Paragraph top left page 578: **Ring v. Arizona, 536 U.S. 584, 153 L.Ed.2d 556,122 S.Ct. 2428 [No. 01-488] Argued: April 22, 2002, Decided: June 24, 2002;** this Court Held: That Sentence Enhancement violated **Apprendi's** right to a Jury Determination, whether the Petitioner, supra was guilty of every element of the crime with which he was charged Beyond a Reasonable Doubt. **Apprendi, 530 U.S. at 477, 147 L.Ed.2d 435, 120 S.Ct. 2348 (2000); Ring v. Arizona, supra, Blakely v. Washington, 159 L.Ed.2d 403, 124 S.Ct. 2531 (June 24, 2004).**

Petitioner, has clearly presented this argument in front of this Court in this Motion/Claim/Affidavit via: **FRCP 60(b),** supra.

This U.S. District Court incorrectly decided upon Petitioner's Sentence in violations of: **Blakely v. Washington, 159 L.Ed.2d 403, 124 S.Ct. 2531 (June 24, 2004);** by enhancing Petitoner's Sentence by the mere low standard of proof by the **'Preponderance of the Evidence Standard of Proof'** without a valid Jury trial determinations, also in violations of Petitioner's Due Process, 1st, 5th, 6th, 8th, & 14th, Amendment(s) to the United States Constitution, & Equal Protection of the Law.

Petitioner requests that this U.S. District Court Judge, part of the Judicial Branch of the United States Government Reverse itself, & Remand this Case Back to this Court consitent with: **Blakely v. Washington, 159 L.Ed.2d 403, 124 S.Ct. 2531 (June 24, 2004);** and via: All of the other cases cited supra. And or in the alternative Dismiss this Entire Case With Prejudice, because of both the: "Fundamental Miscarriage of Justice" & because this Indictment, Conviction & Sentence is Unconstitutional, Unlawful, & Unethical, via: Supra's.....thus, Petitioner request that his Indictment, Conviction & Sentence be corrected by this Court, which possesses

(43)

"Inherent Power" to do so. Petitioner's case is also under:
"Extraordinary Circumstances" & this Court's "Inherent Power"
would reserve against grave, unforeseen contingencies.

Also this request is "In The Interest of Truth & Justice."
United States v. Barrett, 178 F.3d 34 (1st Cir.1999);
at: 48-49. Under the pre-AEDPA test, a Petitioner's failure to
raise a claim in a prior petition was excused in either one of
two situations. The first was where the Petitioner "Show[ed]
cause for failing to raise [the claim] and prejudice therefrom."
McCleskey, 499 U.S. at 494, 11 S.Ct. 1454; See also:
Andiarena v. United States, 967 F.2d 715, 717 (1st Cir.1992).
"Cause" is "some external impediment, such as government interference or
the reasonable unavailability of the factual or legal basis for
a claim." Andiarena, 967 F.2d at 718 (Citing: McCleskey, 499
U.S. at 497, 11 S.Ct. 1454); See also: Simpson v. Matesanz,
175 F.3d 200, 210-12 (1st Cir.1999) (Citing: Bousley v. United States,
523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998));
Whittemore v. United States, 986 F.2d 575, 578 (1st Cir.1993).

The second situation was a showing of a "Fundamental Miscarriage
of Justice," defined as an "Extraordinary Instance [] when a ....
constitutional violation probably has caused the conviction of one
innocent of the crime." McCleskey, 499 U.S. at 494, 11 S.Ct. 1454.

"[T]he miscarriage of justice exception is concerned with actual
as compared to legal innocence." Calderon v. Thompson, 523 U.S.
538, 118 S.Ct.1489, 1502-03, 140 L.Ed.2d 728-738. (1998); internal
quotation makes omitted); see also: Simpson, 175 F.3d at 210.
To establish "actual innocense," a Petitioner must demonstrate
that, in light of all the evidence, it is more likely than not
that no reasonable juror would have convicted him."

(44)

Bousley, 118 S.Ct. at 1611, (internal quotation marks omitted).

Additionally, Petitioner, incorporates a case out of the United States Court of Appeals For The First Circuit just certed U.S. S.Ct. **Shepard v. United States**, No. 03-9168, September 1, 2004, On Writ of Certiorari to the United States Court of Appeals For The First Circuit To the United States Supreme Court see:

**Shepard v. United States**, No. 03-9168, September 1, 2004, 2004 WL 1967055 U.S. S.Ct. West Law, On Prior Convictions.

It is reasonably foreseeable & a very strong inference that since the case on prior convictions: **Almendarez-Torres v. United States**, 532 U.S. 224, 248, 140 L.Ed.2d 350, 118 S.Ct. 1219 (1998); That the United States Supreme Court may reverse its decision in **Almendarez-Torres**, making prior conviction in-valid pursuant enhancing the accused sentence without presenting the accused prior convictions to the Federal Grand Jury, & also presenting the prior conviction(s) to the Petit Trial Jury for their determination via:

**Blakely v. Washington**, 542 U.S. _____, June 24, 2004. "All" Prior convictions will have to be decided Beyond a Reasonable Doubt Unanimously, by the Jury "ONLY" not by the Judge & Not By the United States Department of Justice Attorneys. This case is scheduled for its Writ of Cert. hearings in the United States Supreme Court, to determine the above. November 2004, for Oral Arguments in the United States Supreme Court via:

**Shepard v. United States**, No. 03-9168, September 1, 2004.

(45)

FOR THE RECORD

Petitioner's <u>**Offense Level was 20 category VI**</u> at the very maximum sentence, Petitioner should receive would be: <u>**70-87 Months.**</u>

This Court & the AUSA'S representing the United States Held: Petitioner's <u>**Offense Level at: 32 category VI**</u>, **210-262 Months, in which this Court Sentenced Petitioner to: 216 Months,** without a Grand Jury Indictment reflecting "All" of petitioner's prior violent felony acts, & also without the Petit Trial Jury's determination(s) in violations of Petitioner's Due Process, & Equal Protection of the Law & 1st, 5th, 6th, 8th, & 14th Amendment(s) of the United States Constitution & also via: Newly Decided United States Supreme Court Case Law Authority Law of the Land case: <u>**Blakely v. Washington**</u>, **542 U.S.___ June 24, 2004.**

Although Petitioner believe's that his indictment & convictions & Sentencing should be dismissed "With-Prejudice" because of the Fraud perpetrated upon this Court by both the United States Department of Justice's Assistant United States Attorneys & by the United States of America, & by the Congressional "FRAUD" placed upon this Court of trying the Defendant/Petitioner under the laws of which were not enacted legally, lawfully, ethically & constitutionally, thus, creating a **"Fundamental Miscarriage of Justice"** **& clearly involking this Court's "INHERENT POWER"** to correct this fundamental miscarriage of justice, by dismissing Petitioner's "Indictment, Conviction & Sentence "With Prejudice" & in the Interest of Truth & Justice & in the Name of the United States Constitution. Silence can only be equated with fraud: <u>**Federal Corp. Insurance v. Merrill**</u>, **332 U.S. 380, 92 L.Ed. 10, 68 S.Ct. 1, 175 ALR 1075 (1947);** Failure to answer is silence: Silence can only be equated with fraud where there is a legal

(46)

& moral duty to speak, or when an inquiry left unanswered would be intentionally misleading.

**United States v. Tweel, 550 F.2d 297 (1977);**

**Due Process,** procedural [the] concept of due process derives from the **Magna Carta, (1215),** the great charter of English Liberties whereby the nobles limited the Kings authority. Its phrase "Law of the Land," was transformed over the years to **"Due Process of Law,"** a phrase included in 1672 in a Massachusetts Statute.

The fifth Amendment of the U.S. Constitution (ratified 1791) requires that the Federal Government **NOT** deprives **ANY** person of --Life, Liberty, or Property, without **"Due Process of Law."**

The same language can be found in the 14th Amendment, (ratified 1868) as a constraint on the States & its Employees.

The central aim of the due process doctrine is to assume fair procedure when government: **AUSA's U.S. Department of Justice & Congress,** imposes a burden on an individual: Petitioner, supra.

The doctrine seeks to prevent arbitrary government, avoid mistaken deprivations, allow persons to know about and respond to charges against them and to promote a sense of legitimacy of official behavior. (emphasis added). **[Oxford Companion to the Supreme Court of the United States]** (ISBN # 0-19-505-835-6.) A Bill of Rights is designed to protect people (U.S. Citizens: Petitioner) from the government unlawful & unconstitutional acts, not to ensure that the government supplies minimum levels of safety or comfort. Primacy of position in the Federal & State Constitutions is often accorded such a dedication of rights, thus emphasizing the importance of those basic & inalienable rights of the people, personal liberty, & private property, which are thereby reserved & guaranteed to the people & protected from arbitrary invasion or impairment from "ANY" government quarter.

(47)

We are all influenced by the traditional **Holmes-Pound-Cardozo** philosophy, which tells us that the great aim of the law is to improve the welfare of society. Petitioner seeks to achieve this aim by this U.S. District Court's reversing Petitioner's Judgment & Ordering the Dismissal With Prejudice Petitioner's Indictment, Conviction & Sentence, thus preserving the integrity of this Honorable Court. As said long ago by the great **Justice Story**, in: <u>Prevost v. Gratz</u>, 6 Wheat 481, 497, 5 L.Ed. 311, 315: "It is certainly true that length of time is no bar to a trust clearly established; and in a case where <u>**FRAUD**</u> is imputed, length of time ought not, upon principles of eternal Justice, to be admitted to repel relief."

"On the contrary, it would seem that the length of time during which the <u>**FRAUD**</u> has been successfully Concealed and Practiced, **is rather an aggravation of the offense, & calls more loudly upon the Court of Equity to grant decisive relief.**"

We presume that all contracts let by the Federal Government are checked by the U.S. Constitutional Safe Guards such as the Three Branches of Government: **The Judicial Branch, The Legislative Branch, & the Executive Branch'(s) of the U.S. Government,** are clearly designed by the drafters & framers of the United States Constitution, as a way of checks & balances to keep each other branches & government employees in-line with the U.S. Constitution & all Federal & State Statutory Laws & Ethical Codes of Conduct.

Also that all contracts let by the Federal Government are checked by the Constitutional Lawyers for Constitutional implications. We Presumed that Academic would not propose a contract that recomended violations of the U.S. Constitution. Apparently our presumptions may be in error, as the evidence so support, supra.

(48)

## CONCLUSION

**WHEREFORE,** For all of the above stated reasons with supportive case law, Petitioner requests that this case be dismissed with-prejudice & or at least be resentenced to: **Offense Level 20 Category VI, via: 70-87 Months,** this request is also in the Interest of Truth & Justice & in the name of the United States Constitution, correcting this "Fundamental---Miscarriage of Justice."

I, Dijuan Santos, Pro Per In Propria Persona Proceeding Sui Juris, being first under oath, say I am the Petitioner/Claimant/Affiant, I have read the above & the following Motion/Claim/Affidavit, and know the contents therein, and assert, it is the truth, and nothing but the truth, not misleading, true, correct, and complete. Also all of the above & the following is sworn under **Title 18 U.S.C. §1623,** under the pains & penalties of perjury & also under **Title 28 U.S.C. §1746,** on this 20th day of October 2004.

Respectfully Submitted By: Petitioner/Claimant/Affiant:

*/s/ Dijuan Santos*

| Pro Per | Dijuan Santos | Signed Under: |
| In Propria | 22449-038 | Title 18 U.S.C. |
| Persona | FCI McKean | §1623 & Under: |
| Proceeding | P.O. Box 8000 | Title 28 U.S.C. |
| Sui Juris | Bradford, Pennsylvania | §1746. |
| | 16701 | |

(49)

## CERTIFICATE OF SERVICE

 I, Petitioner/Claimant/Affiant: Dijuan Santos, Pro Per In Prorpia Persona Proceeding Sui Juris, hereby certify that the above & the following Motion/Claim/Affidavit, Legal Court document was served via: U.S. Mail Postage Prepaid via: <u>Caldwell v. Amend, 30 F.3d 1199, (9th Cir.1994); Houston v. Lack,</u> 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379 (1988); Prisoner's ProSe Motion Judgment N.O.V. was deemed filed on date Motion was placed in Prison officials hands & or Prison's **"Legal Mail Box"** as opposed to date of its receipt by the Court Clerk, AUSA'S, etc.

 I, Petitioner/Claimant/Affiant, Santos, hereby certify that I have sent this Court document, motion/claim/affidavit via: U.S.Mail Postage Prepaid on: 20th day of October 2004, also sent via:
<u>Lema v. United States</u>, 987 F.2d 48, 54 n.5 (1st Cir.1993);
<u>Boag v. MacDougall</u>, 454 U.S. 364, 70L.Ed.2d 551, 102 S.Ct. 594 (1982);
<u>Hughes v. Rowe</u>, 499 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (Per Curiam);
<u>Haines v. Kerner</u>, 404 U.S. 519, 520 92 S.Ct. 594, 30 L.Ed.2d (1972) (Per Curiam); ProSe litigants pleadings are to be construed liberally & **held to less stringent** standards than formal pleadings drafted by lawyers. Sent to the following:

William G. Young
<u>United States District Court</u>
<u>Chief Justice (D.Mass)</u>
United States Courthouse
1 Courthouse Way
Boston, Massachusetts
02210

John A. Wartman, AUSA,
Assistant U.S. Attorney
U.S. Attorneys Office
District of Massachusetts
<u>9th Floor, Suite 9200</u>
United States Courthouse
1 Courthouse Way
Boston, Massachusetts
02210

Tony Anastas
U.S. Clerk of Courts
Clerks Office
<u>Suite 2300,</u>
United States Courthouse
1 Courthouse Way
Boston,Massachusetts
02210

| | | |
|---|---|---|
| Pro Per<br>In Propria<br>Persona<br>Proceeding<br>Sui Juris | _/s/ Dijuan Santos_<br>Dijuan Santos<br>22449-038<br>FCI McKean<br>P.O. Box 8000<br>Bradford, Pennsylvania<br>16701 | Signed Under Title<br>18 U.S.C. §1623 &<br>Under Title 28<br>U.S.C. §1746. |

(50.)